United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C.I.M.O.

Plaintiff,

v.

SERGIO ALBARRAN, et al.,

Defendants.

Case No. 26-cv-08654

**ORDER RE TRO**

Petitioner C.I.M.O., a citizen of Mexico, is being held in civil immigration detention in San Francisco, California. He filed a petition for a writ of habeas corpus and an application for a temporary restraining order for release from detention pending further proceedings. *See* Dkt. No. 1 (petition); Dkt. No. 2 (TRO). Respondents are Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; David J. Venturella, Acting Director of United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the United States Department of Homeland Security; and Todd Blanche, Attorney General of the United States, acting in their official capacities.

Petitioner is an asylum seeker who was previously placed in removal proceedings and released by the immigration authorities on his own recognizance. Dkt. No. 1 ¶ 28. He has attended all immigration court hearings and check-ins, and was re-detained by ICE at a check-in earlier today. *Id.* ¶ 31, 43. His asylum application was pretermitted, and he was ordered removed on March 11, 2026, *id.* ¶ 29, but he timely filed his appeal to the Board of Immigration Appeals on April 9, 2026. *See* Dkt. No. 1-1. Consequently, there is no final order of removal, because "an order of removal does not become administratively final until the earlier of a '(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in

which the alien is permitted to seek review of such order by the Board of Immigration Appeals.'" *Go v. Holder*, 640 F.3d 1047, 1051 (9th Cir. 2011) (quoting 8 U.S.C. § 1101(a)(47)(B)).

Petitioner has raised a serious question that his re-detention without a pre-deprivation hearing violates the Due Process Clause of the Fifth Amendment. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976); *Zadvydas v. Davis*, 533 U.S. 678, 690-93 (2001); *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

In light of petitioner's potentially unlawful detention and deprivation of his liberty, the balance of hardships tips sharply in his favor, *see Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017), which, together with the serious question on the merits, supports the granting of a TRO. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The balance of equities and public interest, which merge in this case, also favor the granting of a TRO. *See Nken v. Holder*, 556 U.S. 418, 435 (2009); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).

Consequently, a TRO is granted on the ensuing terms to preserve the status quo while the merits of the habeas petition are resolved:

(1) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are directed to immediately release from custody petitioner C.I.M.O. Petitioner must be released no later than 10:00 a.m. on August 20, 2026, and the government will file a status report by 5:00 p.m. on August 20, 2026, confirming that petitioner has been released.

(2) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining petitioner C.I.M.O. without a pre-detention hearing before a neutral decisionmaker.

(3) Respondents will show cause in writing by August 24, 2026, why a preliminary injunction should not issue. Petitioner may file a response by August 27, 2026. If needed, a hearing will be set by further order.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so petitioner need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

This temporary restraining order was entered on August 19, 2026, at 8:50 p.m. and will expire in 14 days, unless extended by further order.

**IT IS SO ORDERED.**

Dated: August 19, 2026

JAMES DONATO
United States District Judge